## B. F. Wilson, Appellant, *v.* Charles Denig and the Woods Run Savings Fund and Life Association.

*Will—Active trust—Definite failure of issue.*

Testator by will devised real estate to a trustee in trust for his daughter Lydia to permit her " to occupy and enjoy the same for her separate use, not to be under the control or subject to the debts of her husband, but to enjoy all the rents, issues and profits during her natural life, and at her death to descend to the issue of her body; but if the said Lydia should die leaving no issue, then the said estate to revert back to and be a part of my residuary estate." By a subsequent clause the trustee was authorized to surrender and assign the entire trust to the daughter if he should deem it advisable. *Held,* that the trust was an active one; that the testator contemplated a definite failure of issue; and that the children of Lydia took no title or interest in the estate until after her death.

Argued Nov. 7, 1894. Appeal, No. 268, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1893, No. 323, on special verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment.    Before PORTER, J.

The jury returned the following special verdict:

" Barnet Gilleland died seized in fee of the land described in the writ, on Nov. 1, 1845, and by his will, dated March 13, 1844, probated Nov. 10, 1845, and of record, etc., which will is hereby made a part of this special verdict, devised, in the sixth paragraph of said will, a share in real estate, then undivided, to his son William, as trustee of his daughter Lydia Wallace, upon the uses and trusts in said will set forth, and by subsequent conveyances and partitions between said William, acting as trustee under said will, and the other devisees, the land described in the writ became vested in the said William as trustee of Lydia Wallace, upon the uses and trusts in the sixth paragraph of said will set forth.

" Lydia Wallace had been married to James Wallace in 1842, and was, at the date of the will and continued until the death of the testator, childless.   In 1847, a son, James S. Wallace, was born of her body.   In 1849, a daughter, Maggie Wallace, was born, and died in infancy in the year 1851.

" In 1873, James S. Wallace, the son, was adjudged a bankrupt and John M. Kennedy, Esq., was duly appointed his assignee, and a general assignment of his property, in the usual form, executed to said assignee by the register in bankruptcy. The land in question was not included in the schedules.

" The assignee in bankruptcy of James S. Wallace sold the interest of James S. Wallace, the bankrupt, in the land in question to Benjamin F. Wilson, the plaintiff in this action.   The sale was confirmed by the District Court of the United States, and the assignee executed a deed for the land on July 15, 1875.

" Lydia Wallace, mother of James S. Wallace, died in May, 1880, the said James S. Wallace being the only issue to survive her.

" William Gilleland, the son of Barnet Gilleland, named as trustee in the will, never exercised the power to surrender and assign the trust conferred upon him by the fourteenth paragraph of his father's will.

" On June 7, 1881, the Woods Run Savings Fund and Loan Association, defendant in this action, obtained a judgment against James S. Wallace, the son, and under the subsequent proceedings upon said judgment the land in question was sold

by the sheriff of Allegheny county as the land of said James S. Wallace and was bought in by the Woods Run Savings Fund and Loan Association, and William McCallin, the sheriff of Allegheny county, executed to said purchaser, the defendant in this action, a sheriff's deed therefor, in accordance with said sale.

" If, upon this state of facts, the court be of opinion that the plaintiff is entitled to recover, then judgment to be entered in favor of the plaintiff upon this special verdict for the land described in the writ with six cents damages and costs. And if the court be of opinion that the plaintiff is not entitled to recover, then judgment to be entered in favor of the defendants."

The 6th and 14th paragraphs of the will of Barnet Gilleland are as follows :

" 6. To my son William I hereby give and bequeath in special trust and confidence as trustee of my daughter, Lydia Wallace, the second choice (after my son James) of the above three allotments in Wilkins township, that he will permit the said daughter, Lydia Wallace, to occupy and enjoy the same for her separate use, not to be under the control or subject to the debts of her husband, but to enjoy all the rents, issues and profits during her natural life, and at her death to descend to the issue of her body ; but if the said Lydia should die leaving no issue, then the said estate to revert back and be a part of my residuary estate, the same to be in full of my daughter (Lydia's) part, except the bequest hereinafter made out of my residuary estate." -

" 14. It is my desire and will that at any time my son William shall think right and proper and prudent, he may surrender any of the foregoing trusts ; he may surrender and assign the same to Nancy Guthrie, Lydia Wallace or Euphemia Marshall, of either or all of said trusts, but it is my wish that he would not do so unless fully satisfied of the propriety of that course."

The court entered judgment for defendants on the special verdict. Plaintiff appealed.

*Error assigned* was entry of judgment as above.

*J. M. Garrison* and *J. T. Buchanan*, *E. A. Montooth* with them, for appellant.

*N. W. Shafer*, *J. A. Langfitt* with him, for appellees.

PER CURIAM, Jan. 7, 1895 :

In the case of Wallace v. Denig, 152 Pa. 251, we decided that the children of Lydia Wallace took no estate whatever in the land devised in trust for her separate use, until after her death and upon condition of surviving her. The daughter of Lydia Wallace having died during the life of her mother, the father claimed title to a life estate in the share of the daughter as her statutory heir. But we held that this claim could not be sustained under the will by which the land was devised. PAXSON, C. J., said, " The trustee had the power, as before observed, to surrender the entire trust, and by this one act to put an end to the interest of any one else. It is not to the purpose that the trustee never exercised this power. The will speaks from the death of the testator and the power remained in the trustee up to the death of Lydia Wallace. The whole legal title was put in the trustee to preserve the estate for Lydia, and for such issue as she may leave surviving her at the time of her death, and in default of issue living at that time then to carry it back to the testator's residuary estate." This disposes of the present contention. During the life of his mother James S. Wallace had no estate whatever in this land and therefore nothing passed by the sale in bankruptcy which took place during the lifetime of the mother. His title which accrued at her death became subject to the lien of a judgment under which it was sold by the sheriff and passed to the defendant Savings Fund Association and this was the ruling of the court below.

Judgment affirmed.